# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ORR, Individually,<br>BRADLEY D. HOLBROOK, Individually,<br>JEFFREY JACOBSEN, Individually,<br>JACOBSEN, ORR, NELSON, WRIGHT AND LINDSTROM, P.C., a Nebraska Professional Corporation,<br>STEVE SICKLER, Individually,<br>CATHY METTENBRINK, Individually,<br>BARISTA'S COMPANY, INC., a Nebraska Corporation,<br>BARISTA'S & FRIENDS, INC., a Nebraska Corporation, CUP-O-COA, INC., a Nebraska Corporation, and W.E. CORPORATION, a Nebraska Limited Liability Corporation,<br><br>Defendants. | CASE NO. 8:07CV292<br><br><br>ORDER REQUESTING ADDITIONAL BRIEFING AND/OR EVIDENCE |

Pending before the Court are three Motions for Summary Judgment (Filing Nos. 47, 55 and 58). To assist the Court in addressing those motions, additional briefing and/or evidence on the following matters is requested:

*Subject Matter (Diversity) Jurisdiction*

The Plaintiff, Continental Casualty Co. ("Continental"), has invoked the Court's diversity jurisdiction in this action in which Continental seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. The declaratory judgment statute creates a remedy, but does not provide any independent basis for jurisdiction in federal court. *United States v.*

*Oklahoma,* 339 U.S. 667 (1950); *Lawrence County, S.D. v. State of S.D.*, 668 F.2d 27 (8th Cir. 1982).

The burden of proving subject matter jurisdiction rests with the party invoking the federal court's jurisdiction, in this case Continental. See *4:20 Communications, Inc. v. Paradigm Company*, 336 F.3d 775, 779 (8th Cir.), citing *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).

The citizenship of a limited liability company ("L.L.C.") is defined by the citizenship of its members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). Because the citizenship of an L.L.C. is that of its members for diversity jurisdiction purposes, it is incumbent on a district court to ascertain the citizenship of each member of an L.L.C. party in any case in which diversity jurisdiction is asserted, in order to determine whether there is complete diversity of citizenship of the parties. *Id*. at 829. See also *Johnson v. Columbia Properties*, 437 F.3d 897, 899 (9th Cir. 2006) ("an LLC is a citizen of every state of which its owners/members are citizens"); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (treating limited partnerships as having citizenship of *all* partners, both limited and general).

Because a Defendant, W.E. Corporation, is an L.L.C., the Court must receive competent evidence, a stipulation of the parties, or, at a minimum, an undisputed assertion that no member of W.E. Corporation is a citizen of Illinois, the state of which Continental is a citizen.

<u>Discretionary Jurisdiction</u>

Once subject matter jurisdiction is established, a federal court's power to exercise such jurisdiction over a declaratory judgment action is discretionary. *Wilton v. Seven Falls*

*Co.,* 515 U.S. 277, 282 (1995), citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942).

Continental filed this action, seeking a declaratory judgment limiting its liability under a Lawyers Professional Liability Policy (the "Policy") in a pending Nebraska state court proceeding. Continental argues that its liability should be limited to the Policy's $2 million "per claim" limit. The Defendants' Answers (Filing Nos. 24 and 28) assert that Continental's action should be dismissed, because the proper forum for the resolution of the issue raised by Continental is the courts of the state of Nebraska. See Filing No. 24 ¶ 8, Filing No. 28 ¶ 7. Yet, the Defendants have submitted their own Motions for Summary Judgment, Filing Nos. 45 and 55, asking this Court to issue a declaratory judgment construing the Policy as providing a $4 million aggregate limit for damages, despite the fact that the Defendants made no counterclaim for declaratory judgment.

It is undisputed that an action is pending in the District Court of Buffalo County, Nebraska, the "Sickler Action," in which certain of the Defendants in this action (Steve Sickler; Cathy Mettenbrink; Barista's Company, Inc.; Barista's & Friends, Inc.; Cup-O-Coa, Inc.; and W.E. Corporation, L.L.C.) seek damages of in excess of $18 million against certain other Defendants in this action (Jeffrey Orr; Jeffrey Jacobsen; Bradley Holbrook; and Jacobsen, Orr, Nelson, Wright and Lindstrom, P.C.), insured under the Policy. See Joint Stipulation of Undisputed Facts, Filing No. 45-1; Declaration of Richard J. Rensch, Filing No. 60, Ex. 3 ¶ 2; Third Amended Complaint in Sickler Action, Filing No. 45-5).

This Court questions whether the issue presented in this case could not "better be settled in the proceeding pending in the state court." *Wilton*, 515 U.S. at 282, quoting *Brillhart*, 316 U.S. at 495. To assist the Court in addressing the question of whether this

action should be dismissed without prejudice, or stayed pending resolution of the Sickler Action, additional briefing is requested. Specifically, the Court asks the parties to address the questions of (1) whether this case raises any issue of federal law; (2) whether Nebraska law of contracts, or some other law, governs the construction of the Policy; (3) whether the issue raised herein may become moot depending upon the disposition of the Sickler Action; (4) whether the issue raised herein may be a mixed question of law and fact, better resolved in the forum where the facts in the Sickler Action will be resolved; and (5) whether Continental has an avenue to seek its declaratory judgment in state court. In addressing these issues, the Court asks that counsel refer to *Wilton, Brillhart*, and post-*Wilton* Eighth Circuit case law.

IT IS ORDERED:

1. The parties will submit simultaneous briefs, and any indexes of evidence, on or before June 16, 2008, addressing the issues of (a) whether the Court has subject matter jurisdiction, and (b) if so, why the Court should exercise its discretionary jurisdiction to rule on the pending motions for summary judgment.

Dated this 30th day of May, 2008

BY THE COURT:

s/Laurie Smith Camp
United States District Judge