## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ORR, Individually,<br>BRADLEY D. HOLBROOK, Individually,<br>JEFFREY JACOBSEN, Individually,<br>JACOBSEN, ORR, NELSON, WRIGHT AND LINDSTROM, P.C., a Nebraska Professional Corporation,<br>STEVE SICKLER, Individually,<br>CATHY METTENBRINK, Individually,<br>BARISTA'S COMPANY, INC., a Nebraska Corporation,<br>BARISTA'S & FRIENDS, INC., a Nebraska Corporation, CUP-O-COA, INC., a Nebraska Corporation, and W.E. CORPORATION, a Nebraska Limited Liability Corporation,<br><br>Defendants. | CASE NO. 8:07CV292<br><br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Stay Judgment and Order on Motions for Summary Judgment Pending Appeal (Filing No. 80) submitted by Defendants Jeffrey Orr, Bradley D. Holbrook, Jeffrey Jacobsen, and the law firm of Jacobsen, Orr, Nelson, Wright, and Lindstrom, P.C. (collectively the "Law Firm Defendants").

The Memorandum and Order (Filing No. 78) granting the Plaintiff's Motion for Summary Judgment and the Judgment (Filing No. 79) were entered on July 3, 2008. Because it does not appear that the filing of the pending Motion will stay the time to file an appeal of the Judgment (see F.R.A.P. 4(a)(4)(A)), and because this Court appreciates the

parties' desire to expedite the final resolution of this matter, and because the Motion will be denied, the Court will not await a response from the remaining parties.

F.R.A.P. 8(a)(1) provides that "[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal[.]" F.R.A.P 8(2) provides that "[a] motion for the relief mentioned in Rule 8(a)(1) may be made to the court of appeals or to one of its judges. (A) The motion must: (i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action."

Accordingly, the Law Firm Defendants are seeking a stay of the judgment first in this Court. In support of their Motion, they cite Fed. R. Civ. P. 62 and *Hilton v. Braunskill*, 481 U.S. 770 (1987).

Fed. R. Civ. P. 62 addresses the stay of proceedings to enforce judgments, including judgments that grant, dissolve, or deny injunctions. The Rule does not specifically address the "stay" of declaratory judgments, such as the one entered in this case, where no injunctive relief was ordered.

In *Hilton*, the Supreme Court observed that "the factors regulating the issuance of a stay [in a district court and in an appellate court] are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 776. The Law Firm Defendants have not demonstrated a strong showing that they are likely to succeed on the merits of their appeal, nor that they

will be irreparably injured absent a stay,[1] nor that a stay is in the public interest. It is difficult to discern whether the issuance of a stay would substantially injure another party to this proceeding, *i.e.*, Continental Casualty Company, because it is not clear what the Law Firm Defendants regard as a "stay" in this case.

This Court's Judgment declared that Continental Casualty Company's liability with respect to the Third Amended Complaint in *Sickler, et al. v. Orr*, *et al.*, Case No. CI 06 308, filed in the District Court of Buffalo County, Nebraska, was limited to the $2 million per-claim limit of the Lawyers Professional Liability Policy (the "Policy") issued to the law firm of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C. In other words, this Court concluded that Continental Casualty Company *did not* need to provide coverage under the Policy's $4 million aggregate-damages limit. It is not possible to "stay" an order that requires no action. Such a declaratory judgment is not analogous to an order "that grants, dissolves, or denies an injunction," which a court "may suspend, modify, restore, or grant" pending an appeal to "secure the opposing party's rights" under Fed. R. Civ. P. 62 (c). To the extent that the Law Firm Defendants suggest that Continental Casualty Company should be required to provide coverage under the Policy's $4 million aggregate-damages limit pending an appeal of this Court's declaratory judgment, that request would substantially injure Continental Casualty and the request is denied.

---

[1] I recognize that state court proceedings are pending against the Law Firm Defendants, initiated by the other Defendants in this proceeding, and that a judgment in state court could exceed the amount of coverage this Court declared to be available under the insurance policy issued by the Plaintiff, Continental Casualty Company. All parties asked this Court to issue a judgment declaring the amount of coverage available under the policy, without awaiting the disposition of the state court proceeding, acknowledging that the ultimate disposition of the state court action could render this matter moot.

IT IS ORDERED:

1. The Motion to Stay Judgment and Order on Motions for Summary Judgment Pending Appeal (Filing No. 80), submitted by Defendants Jeffrey Orr, Bradley D. Holbrook, Jeffrey Jacobsen, and the law firm of Jacobsen, Orr, Nelson, Wright, and Lindstrom, P.C., is denied.

Dated this 31th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge